### GREAT LAKES TOWING CO. v. WORTHINGTON et al.

(District Court, W. D. New York. August 2, 1906.)

PRINCIPAL AND AGENT—LIABILITY OF AGENT TO THIRD PERSONS—CONTRACT MADE FOR PRINCIPAL.

A firm of marine insurance agents, known to be such by one employed to render services in behalf of the insurers in releasing a stranded vessel, cannot be held personally liable to pay for such services, in the absence of an agreement expressly binding themselves.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, § 478.]

In Admiralty.

Goulder, Holding & Masten and Harvey L. Brown, for libelant.

Clinton & Clinton, for respondents.

HAZEL, District Judge. This is a libel in personam to recover the sum of $15,641.38 and interest, alleged to be due from the respondents

on account of wrecking services rendered in releasing the steamer Craig, which was aground on Simmons Reef. After a careful reading and consideration of the evidence, I have reached the conclusion that Mr. Perew was not authorized by the respondents, Worthington & Sill, to create any obligation and liability binding upon them personally in relation to releasing the stranded steamer. He was in fact a so-called wreckmaster of the underwriters of the hull of the vessel, and is not shown to have had any authority to represent the respondents in so far as to render them responsible for any acts or directions regarding the wrecking operations. The evidence is insufficient to show any liability on the part of the respondents, or, indeed, any intention on their part to create a personal liability or to make a promise binding upon them personally to remunerate the libelant for the services rendered.

Respondents had no interest in either the vessel, cargo, or freight. They were marine insurance agents, pure and simple, a fact which was quite familiar to persons interested in navigation on the Lakes. There is no satisfactory evidence that libelant, in furnishing the services and incurring any expense, did so upon the personal credit of Worthington & Sill. On the contrary, their presumed knowledge of the business of the respondents, the latter's connection with the subject-matter, together with the attendant circumstances, were indicative of their representative relation. Libelant made no attempt to ascertain the names of the underwriters, although to do so was not difficult. This omission, in view of the circumstances, is open to the inference that it knew that Worthington & Sill were acting simply as agents for the insurers of the Craig. Such being the fact, the respondents, not having expressly bound themselves, cannot, in my opinion, be held liable.

The cases cited by libelant, holding that an agent who conceals his agency and contracts as ostensible principal is liable, are inapplicable. This conclusion renders unnecessary any discussion of the other points elaborately presented in the briefs.

The libel is dismissed, with costs.